CENTRAL TRUST CO. *v.* WABASH, ST. L. & P. RY. CO. (HANNIBAL WATER CO., Intervenor.)[1]

(*Circuit Court, E. D. Missouri.* June 26, 1886.)

WATER COMPANIES—CONTRACTS—SALES—RAILROADS.

Where, under a contract with a water company, a railroad is authorized to use a specified quantity of water for so much per annum, but consumes only a portion of that quantity, it cannot sell the balance.

In Equity.

This is an action to recover the value of water taken by the receivers of the Wabash, St. Louis & Pacific Railway Company from the mains of the intervenor, at the round-house of the Missouri Pacific Railway Company. The defense is that the water was sold to the defendant by the Missouri Pacific Railway Company, and that the

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

latter had a right, under its contract with intervenor, to make the sale. Said contract provides that the intervenor shall furnish water to the Missouri Pacific Railway Company, "at Hannibal station, in their tank, at round-house, and at Penstock, * * * for the general uses of the road at this point, for a term of ten years, * * * for the sum of $1,080 per annum. * * * It is further agreed and understood that the above price * * * is based on an average daily consumption of 50,000 gallons, to be determined either by meter measurement or by the estimated capacity of the engines watered. * * * When said daily average shall exceed 50,000 gallons, the party of the second part shall pay for such excess at the rate of 10 cents per 1,000 gallons." The amount used by both the Wabash and the Missouri Pacific Railway Company did not exceed 50,000 gallons per month.

*H. D. Wood,* for intervenor.

*G. S. Grover,* for receivers.

TREAT, J., (*orally.*) In the matter of the intervening petition of the Hannibal Water Company, according to the terms of the contract submitted to the court, it appears that an arrangement was made between the intervenor and the Missouri Pacific Railroad for the supply of water, determined by the provisions of said contract. There was no authority on the part of the Missouri Pacific Railroad to sublet or furnish supplies to other parties. It having done so, and received from the respondent in this case that amount of money, it should refund the same, for the value of the water supplied belongs to the intervenor, and not to the Missouri Pacific.